UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emmett Ray Nall, ) | |
| ) | C/A No. 6:12-2424-JFA-KFM |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Cartledge; Alan Wilson, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____ ) | |

Petitioner, Emmett Ray Nall ("Petitioner"), a state prisoner in the Perry Correctional Institution of the South Carolina Department of Corrections in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for initial screening. Petitioner is serving a sentence of life imprisonment without parole for burglary, after being convicted and sentenced in Greenville County General Sessions Court on September 16, 1997. Having reviewed the instant Petition and applicable law, the Court finds that this successive § 2254 Petition should be summarily dismissed, without prejudice and without requiring Respondents to file a return, because this Court lacks jurisdiction to entertain it.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner has previously filed two § 2254 habeas petitions in this Court challenging this same state court conviction and sentence and challenging two prior 1986 convictions for second degree burglary that were considered by the court in imposing Petitioner's

enhanced sentence pursuant to S.C Code § 17-25-45, following Petitioner's jury trial in Greenville County General Sessions Court, on September 16, 1997.[1]

---

[1] The Court takes judicial notice of Petitioner's prior related proceedings in this district court and in the United States Fourth Circuit Court of Appeals, *i.e. Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, 2009 U.S. Dist. LEXIS 131692 (D.S.C.), and *Nall v. McCall*, C/A No. 6:11-2771-JFA-KFM, 2011 U.S. Dist. LEXIS 144120 (D.S.C.). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Nall v. Bazzell*, the Court summarized the history of Petitioner's state court criminal and post-conviction relief ("PCR") proceedings, as follows:

> Petitioner was indicted in March 1986 for second degree burglary on February 18, 1986 and for second degree burglary occurring on March 5, 1986. Petitioner pled guilty to both of the offenses, on March 20, 1986, and received a Youthful Offender Sentence not to exceed six years. In April 1989, Petitioner was convicted of assault and battery of a high and aggravated nature, two counts of breaking into a motor vehicle, malicious injury to personal property, and grand larceny. Then, in September 1997, a jury convicted Petitioner of second degree burglary and petit larceny. Pursuant to the state recidivist legislation (the 'three strikes" law, S.C. Code § 17-25-45), the state trial judge sentenced Petitioner to life without parole on the burglary conviction and ninety days on the petit larceny conviction. Petitioner appealed his conviction contending that the trial court erred in denying his right to the counsel of his choice. The South Carolina Court of Appeals dismissed Petitioner's direct appeal on February 22, 1999, and no further writ of certiorari was sought.
>
> Petitioner then filed a PCR application claiming ineffective assistance of counsel. Specifically, that appellate counsel was ineffective with regard to sentencing issues and failure to challenge the sufficiency of the notice of intent to seek a life sentence; and that trial counsel failed to meet with petitioner prior to trial. The PCR court (S.C. Circuit Judge John C. Few) held an evidentiary hearing and ultimately granted relief on the ineffective assistance of trial and appellate counsel claims, finding that Petitioner's two prior offenses should have been treated as only one single strike under S.C. Code §§ 17-25-45 and 17-25-50, based on *State v. Gordon*, 356 S.C. 143, 588 S.E.2d 105 (S.C. 2003). The State appealed the PCR court's grant of a new sentencing hearing. On April 23, 2007, the South Carolina Supreme Court granted the State's petition and reversed the PCR court's grant of relief of a new sentence. *See Nall v. State*, Mem. Opinion 2007-MO-025 (S.C.Sup. Ct. filed April 23, 2007). The S.C. Supreme Court relied on *Koon v. State*, 372 S.C. 531, 643 S.E.2d 680 (S.C. 2007), finding that "[a]lthough *Gordon* stands for the proposition that two offenses committed closely in point of time should be considered as one for purposes of sentencing, *Gordon* did not establish a bright-line rule as to what constitutes 'two offenses committed so closely in point of time.'" In *Koon*, the S.C. Supreme Court found that Koon was properly sentenced as a recidivist because the burglary he committed on March 28, 2006 was a separate burglary from those he committed on March 13, and 14, 2006, since it was in a different building, in a

2

In *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, 2009 U.S. Dist. LEXIS 131692 (D.S.C.), Petitioner challenged his 1997 conviction and sentence, raising ten grounds: (1) the S.C. Supreme Court erred in its ruling in *State v. Gordon*; (2) Petitioner was not allowed to hire his own attorney; (3) Petitioner's trial counsel was ineffective in failing to meet with the petitioner before trial; (4) Petitioner's counsel was ineffective in failing to argue that the first two burglary charges should not have been counted as separate offenses; (5) the prosecutor was vindictive in seeking a sentence of life without parole; (6) Petitioner's counsel violated Petitioner's due process rights in not timely filing an appeal or seeking to withdraw as counsel; (7) the trial judge lacked discretion in sentencing; (8) the trial judge refused to allow Petitioner to hire his own attorney; (9) Petitioner's prior offenses counted as two convictions; and (10) cause and prejudice and prosecutorial vindictiveness. *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC (D.S.C.), ECF No. 81, 2009 U.S. Dist. LEXIS 131692 at *5-6 (D.S.C.),

---

different location, and occurred two weeks later. The S.C. Supreme Court also found that Petitioner's "prior burglaries, committed at different locations fifteen days apart, were properly construed as separate offenses for which he was subject to a life without parole sentence." *Nall v. State*, Mem. Op. No. 2007-MO-025.

Petitioner's second PCR (filed before the entry of the final order in his first PCR action) raised the nearly identical claim that his first two burglaries should not have counted as two separate offenses. The State moved to dismiss the application as successive and untimely. The PCR court issued a conditional order of dismissal. Despite Petitioner's petition for rehearing and appeal of such order, the S.C. Supreme Court dismissed the notice of appeal without prejudice noting that the conditional order was not a final order subject to appellate review.

*Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC (D.S.C.), ECF No. 81, 2009 U.S. Dist. LEXIS 131692 at *2-5 (D.S.C.).

In *Nall v. Bazzle*, this Court granted summary judgment for the Respondent and denied Petitioner's § 2254 habeas petition. C/A No. 07-1483, ECF No. 81.[2] Petitioner appealed this Court's judgment, and the United States Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal on August 26, 2009. C/A No. 07-1483, ECF No. 92. *See Nall v. Bazzle*, 332 F. App'x 101, 2009 U.S. App. LEXIS 19182 (4th Cir. S.C., 2009). This disposition constituted a final adjudication on the merits determining the legality of Petitioner's detention. *See* 28 U.S.C. § 2244(a); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 485-89 (1999); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002) (abrogated on other grounds *Skinner v. Switzer*, 131 S.Ct. 1289 (2011)).

In *Nall v. McCall*, C/A No. 6:11-2771-JFA-KFM, 2011 U.S. Dist. LEXIS 144120 (as amended Jan. 23, 2012), 2012 WL 193686 (D.S.C.), Petitioner again sought to challenge his 1997 conviction and sentence of life imprisonment without parole, this time, indirectly,

---

[2] This Court found that: Petitioner had not shown that the state court improperly applied clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding; neither Petitioner's trial nor appellate counsel were constitutionally ineffective for failing to challenge the judge's correct determination; Petitioner's claim of lack of advice of collateral issues, *i.e.* that he would not have pled guilty in 1986 had he known that his offenses would be used to seek a life sentence in 1997, was a sentencing matter/collateral consequence based on state law which was not cognizable in a federal habeas action; Petitioner's claim that the state trial court erred in refusing to allow a continuance for Petitioner's late request to obtain private counsel did not outweigh the trial court's need to go forward on the day of trial with competent counsel; Petitioner had procedurally bypassed his opportunity for relief in the state court on his claims of trial counsel's ineffectiveness due to failure to meet with Petitioner prior to his trial and the prosecutor's vindictiveness, thus, those claims were barred from consideration in a federal habeas action; Petitioner failed to show cause and prejudice to excuse his procedural default; and Petitioner's claims of infirmities in his state PCR proceedings were not matters that could be addressed in a federal habeas action, *see Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988). *See Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, 2009 U.S. Dist. LEXIS 131692 at *7-13 (D.S.C.).

4

by challenging the constitutionality of Petitioner's two prior 1986 convictions for second degree burglary. Petitioner also argued, again, that those convictions were unconstitutionally used to enhance his 1997 conviction for burglary under S.C. Code § 17-25-45. With regard to his 1986 convictions, Petitioner raised three grounds: (1) his guilty pleas were the result of ineffective assistance of counsel based on a conflict of interest, (2) his convictions and sentences violated due process, and (3) his convictions and sentences in state court violated Fed. R. Crim. P. 11. *Nall v. McCall*, C/A No. 6:11-2771-JFA-KFM (D.S.C.), ECF No. 1, 2011 U.S. Dist. LEXIS 144120 (as amended Jan. 23, 2012) at *3-9, 2012 WL 193686 at *2-3 (D.S.C.).

In *Nall v. McCall*, this Court summarily dismissed Petitioner's second § 2254 habeas petition, without prejudice and without requiring the respondent to file a return, for three reasons. First, because this Court was without jurisdiction to hear the Petition as Petitioner was no longer "in custody" pursuant to the challenged 1986 convictions. *See Lackawanna Cnty Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Second, the Petition was clearly untimely under 28 U.S.C. § 2244(d), which imposes a one-year statute of limitations on the filing of § 2254 habeas petition challenging a state court conviction. *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998). Third, the Petition constituted a second or successive claim under 28 U.S.C. 2244(b)(1), which had already been presented in Petitioner's prior habeas petition, in *Nall v. Bazzle*. Petitioner filed a brief in *Nall v. McCall*, which was treated as an amendment to his Petition. In the amendment, Petitioner reiterated his arguments and raised an additional ground for relief,

5

alleging that labeling his 1986 convictions as violent crimes for purposes of the recidivist statute violated the Constitution's prohibition against ex-post facto laws.  The Court found that this argument indirectly challenged Petitioner's 1997 convictions and, as such, was barred by 28 U.S.C. § 2244(b)(1) because it was untimely and constituted a second or successive claim that had already been denied in Petitioner's prior § 2254 habeas petition.  *See* C/A No. 11-2771, ECF No. 30, 2012 U.S. Dist. LEXIS 144120 (as amended Jan. 23, 2012) at *3-9, 2012 WL 193686 at *2-3 (D.S.C.).  Again, Petitioner appealed this Court's judgment, and, again, the United States Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal on June 5, 2012.  C/A No. 11-2771, ECF No. 32.  *See Nall v. McCall*, 473 F. App'x 198, 2012 U.S. App. LEXIS 11430, 2012 WL 1997709 (4th Cir. S.C., 2012).

In the instant Petition, Petitioner once again seeks to challenge his 1997 conviction and sentence of life imprisonment without parole.  Petitioner alleges three grounds for relief: (1) that his two prior state court convictions for second degree burglary, entered against him on March 20, 1986 in Cherokee County, which were used to enhance the sentence that he is presently serving, should not have been counted as two separate offenses by the sentencing court; (2) that his Sixth Amendment right to effective assistance of counsel was violated by Petitioner's trial counsel's failure to argue that the State did not have the right to seek a sentence of life without parole pursuant to the recidivist statute, S.C. Code § 17-25-45; and (3) that his 1997 conviction and sentence constitute an ex-post facto violation because the State unlawfully retroactively converted Petitioners' two prior second degree burglary convictions, which were not classified as violent offenses when

Petitioner was convicted of them in 1986, into violent offenses for purposes of imposing an enhanced sentence on Petitioner in 1997. See ECF No. 1, p. 6-9.[3]

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the

---

[3] Petitioner attached to his § 2254 habeas petition, a document entitled "Motion for Re-Sentencing Pursuant to Rule 35." ECF No. 1-2. Rule 35 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P. 35") concerns the correction or reduction of a sentence in a criminal case in federal district court. While Fed. R. Crim. P. 35 does not apply to the instant § 2254 habeas case, as an attachment to the Petition in this case, the Court liberally construes Petitioner's "Brief in Support [of] Rule 35 Motion" as a brief in support of Petitioner's habeas claims.

petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Petition filed in this case should be summarily dismissed because it is a successive § 2254 petition and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 U.S. Dist. LEXIS 68795, 2010 WL 2720912 (D.S.C. July 8, 2010).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") which, in part, amended

Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194. The "gatekeeping" mechanism created by the AEDPA added 28 U.S.C. § 2244(b)(3)(A) to provide that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (emphasis added).

    The threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts by obtaining authorization from the Fourth Circuit to file this action. *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"; *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive

claims."). It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this successive § 2254 petition has not been issued by the Fourth Circuit. Consequently, this Court has no jurisdiction to consider the instant Petition, and Petitioner is barred from attacking his state court burglary conviction and sentence of life imprisonment without parole in this Court.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring Respondents to file a return. Petitioner's attention is directed to the important notice on the next page.

November 26, 2012                                    s/ Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street, Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).